**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 25-70-DLB**

**CHRISTOPHER LEE YOUNG**                                       **PETITIONER**

**v.**                      **MEMORANDUM OPINION AND ORDER**

**SHAWN MCKENZIE**                                             **RESPONDENT**

*** *** *** ***

This matter is before the Court for initial review of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 filed by state prisoner Christoper Young. *See* 28 U.S.C. § 2243; *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

In January 1999, Petitioner was sentenced in Jefferson County Circuit Court to a combined term of thirty years imprisonment on his guilty plea to second degree robbery and capital murder. *See Commonwealth v. Young*, No. 98-CR-001725 (Jefferson Cir. Ct. 1998).[1] Young sought habeas corpus relief from this conviction pursuant to 28 U.S.C. § 2254, without success. *See Young v. Kentucky State Penitentiary*, No. 3: 23-CV-203-JGH-JDM (W.D. Ky. 2002).[2]

In 2003, Young pleaded guilty in Lyon County Circuit Court to three counts of assaulting a corrections officer in the third degree, and was sentenced to a combined

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=056&court=1&division=CI&caseNumber=98-CR-001725&caseTypeCode=CR&client_id=0 (accessed August 13, 2025).

[2] *See* https://ecf.kywd.uscourts.gov/cgi-bin/DktRpt.pl?110521651530253-L_1_0-1 (accessed August 13, 2025).

1

term of seven years imprisonment to be served consecutively with his existing sentence. *See Commonwealth v. Young*, No. 02-CR-00042 (Lyon Cir. Ct. 2002).[3] Young did not appeal that conviction or collaterally attack it via section 2254.

In response to a recent motion filed by Young, on July 2, 2025, the Lyon Circuit Court entered an Order denying relief. Noting that it was "somewhat confused as to the remedy sought by the Defendant," Young appeared to request "modification of sentence by relaying facts related to an assault with a demand for a judgment in the amount of $85,890.00. The Defendant appears to be requesting relief for an infliction he believes occurred as a result from incarceration." The Court denied relief for lack of jurisdiction.

Young's petition in this Court is similarly confusing, but appears to be of the same general nature as the one he filed in Lyon Circuit Court. Young references the 2002 state conviction, but indicates that his claims relate to "3 years disciplinary segregation time, outside charges and lost of [blank (perhaps, good time]." *See* (Doc. # 1 at 2). He suggests that being placed in segregation was the result of a disciplinary committee's conviction, which occurred in 2002 when he was confined at the Kentucky State Penitentiary. *See id*.

Notably, Young is now confined at the Eastern Kentucky Correctional complex in West Liberty Kentucky. *See id*. at 1. Young also references the Lyon Circuit Court's recent denial of his motion, and states "that double jeopardy occurred when non-restorable good time was lost [and he] was placed in solitary confinement for 9 years and given sentence to 7 years of prison time." *See* (Doc. # 1 at 5). For relief, Young asks the

---

[3] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=072&court=1&division=CI&caseNumber=02-CR-00042&caseTypeCode=CR&client_id=0 (accessed August 13, 2025).

Court to reinstate 1800 days of good time, amend the assault charge from Third Degree to Fourth Degree, award him nearly $96,000 in damages for false imprisonment and another nearly $56,000 for nine years he spent in restrictive housing, and order his immediate release from custody "since Mr. Young's time has expired." *See id*. at 7. On the last point, the Kentucky Department of Corrections indicates that Young is not due to be released (absent earlier parole) until March 2034.[4]

The Court infers from Young's petition that he believes he was subjected to double jeopardy because his punishment for assaulting prison guards included both a consecutive prison sentence imposed by a court of law as well as the loss of good conduct time and disciplinary segregation imposed by prison officials. If that is his claim, it is entirely without merit. *See Sindone v. Michigan Dept of Corr.*, No. 23-1209, 2023 WL 8594065, at *3 (6th Cir. Sept. 12, 2023) ("Using a prior conviction to determine a prisoner's classification level or in connection with prison discipline does not constitute a successive criminal punishment."), *cert. denied*, 144 S. Ct. 838 (2024); *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) ("The Double Jeopardy Clause was not intended to inhibit prison discipline," and "disciplinary changes in prison conditions" are not criminal punishment implicating the Double Jeopardy Clause); *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994) (collecting cases).

Several other reasons require denial of Young's petition. First, Young may not seek civil relief (damages) and habeas corpus relief (earlier release from custody) in one proceeding. *Cf. Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("In instances in which a petition combines claims that should be asserted in

---

[4] *See* http://kool.corrections.ky.gov/KOOL/Details/82160 (accessed August 13, 2025).

3

habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims."). Second, Young must seek damages - whether for unlawful conditions of confinement or for false imprisonment - in a civil rights case; he cannot obtain that relief in a habeas corpus proceeding. *Cf. Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006).

Third, before a convicted prisoner can assert a civil claim for false imprisonment predicated upon the assertion that his conviction is invalid, he first must obtain habeas corpus relief so declaring. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("A state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). The same is true if the false imprisonment claim is based upon assertedly-wrongful prison discipline that extends a period of incarceration. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997). Fourth and finally, Young's assertion that nearly five years of good time credits were improperly denied is one that he must pursue in the state courts by filing a declaratory judgment action in the appropriate circuit court. *Cf. Wilson v. Haney*, 430 S.W.3d 254, 256 (Ky. Ct. App. 2014) (*citing* Ky. Rev. Stat. 418.040)). Until he exhausts that available avenue for relief, Young's petition challenging prison disciplinary proceedings is premature. *See* 28 U.S.C. § 2254(d).

The Court concludes this discussion by noting that the relief Young seeks herein challenges state actions, including either or both of a 2003 state court criminal conviction or a 2003 state prison disciplinary proceeding that extended his sentence by denying him

4

good time credits.  And "§ 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment."  *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019).  But the Court need not recharacterize Young's petition as arising under that section.  As noted by this Court in a different case bearing similar contours:

> Therefore, the one-year statute of limitations to seek habeas relief expired on April 26, 2009, and any § 2254 petition would be time-barred.  However, the Court does not deny the petition on this ground.  While Major seeks relief available only under § 2254, the Court cannot recharacterize his § 2241 petition to one filed under that section without prior warning of the consequences of that change, including the limitations on second or successive petitions.  *See Castro v. United States*, 540 U.S. 375, 381–83 (2003); *Martin v. Overton*, 391 F.3d 710, 713–14 (6th Cir.2004).  But offering Major the opportunity to accept a recharacterization to a § 2254 petition would be futile because the petition would plainly be time-barred.  *Cf. Arbing v. United States*, No. 11–CV–286–WDS, 2011 WL 6122557, at *2 (S.D. Ill. Dec. 8, 2011) (declining to recharacterize petition as initial § 2255 motion where it was time-barred) (*citing United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir.2004).  Instead, the Court will dismiss the petition filed under § 2241, without prejudice, for failure to state viable grounds for relief under that section, leaving to him the choice to pursue relief under § 2254, notwithstanding the time bar.  *Martin*, 391 F.3d at 714.

*Major v. Kentucky*, No. 5:14-CV-251-DCR, 2014 WL 3015916, at *2 (E.D. Ky. July 3, 2014).  The Court adopts the same approach here and will dismiss the § 2241 petition without prejudice.

Accordingly, it is **ORDERED** as follows:

1. The petition (Doc. # 1) is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the docket.

This 13th day of August, 2025.



Signed By:
<u>David L. Bunning</u>   DB
Chief United States District Judge

5